## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | **RE:** <br> **643 Sawyer Road, Greene, ME 04236** |
| **Deborah E. Campbell** | **Mortgage:** <br> **Dated October 20, 2008** |
| **Defendant** | |
| **Isaacson & Raymond, P.A., as Trustee** | |
| **Party-in-Interest** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Coughlin, Rainboth, Murphy & Lown, PA, and hereby complains against the Defendant, Deborah E. Campbell, as follows:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note and Mortgage executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Deborah E. Campbell, is the obligor

and the total amount owed under the terms of the Note and Mortgage is Two Hundred Sixty-Seven Thousand Fifteen and 06/100 ($267,015.06) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a corporation with a principal place of business located at 5600 Granite Parkway, Plano, TX 75024.

5. Deborah E. Campbell ("Campbell") is an individual with an address of 21 Milford Street, Hull, Massachusetts 02045.

6. The Party-in-Interest, Isaacson & Raymond, P.A., as Trustee, is located at 75 Park Street, Lewiston, ME 04243.

## FACTS

7. The Defendant, Deborah E. Campbell ("Campbell"), and her former husband, Edward James Harris, Jr. ("Harris"), acquired the real estate at 643 Sawyer Road, Greene, Maine ("643 Sawyer Road") as joint tenants by Warranty Deed dated January 17, 1996 recorded in the Androscoggin County Registry of Deeds in Book 3540, Page 164. *See* Exhibit A (a true and correct copy of the Warranty Deed is attached hereto and incorporated herein).

8. Campbell and Harris executed a Reasonable, Tangible Net Benefit Disclosure Form, which stated that said parties would be refinancing the 643 Sawyer Road loan which was a 7.75% adjustable equity line on September 3, 2008, in applying for the refinance of their prior mortgage and they obtained the instant mortgage which would fix the term and reduce the interest rate. *See* Exhibit

B (a true and correct copy of the Reasonable, Tangible Net Benefit Disclosure Form is attached hereto and incorporated herein).

9. On October 20, 2008, Campbell and Harris executed and delivered to GMAC Mortgage, LLC a certain Note in the amount of $208,000.00, which specifically referenced 643 Sawyer Road, Greene, ME. *See* Exhibit C (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on October 20, 2008, Campbell and Harris executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for GMAC Mortgage, LLC, securing the subject property through the binding written contract between parties. *See* Exhibit D (a true and correct copy of the Campbell-Harris Mortgage is attached hereto and incorporated herein).

11. The Defendant, Deborah E. Campbell, specifically warranted and represented in the Mortgage that she was the owner of the property, gave a "…general warranty of title to Lender…," and promised to "…defend my ownership of the Property against any claims…".

12. Plaintiff's predecessor Mortgagee, GMAC Mortgage, LLC, gave consideration by advancing the loan proceeds of $208,000.00 for the benefit of Campbell and Harris on the condition that a mortgage encumbering the property owned by Campbell and Harris be executed and recorded in the Androscoggin County Registry of Deeds to perfect the legal interests of the Mortgagee and MERS Inc., including its priority lien position in the chain of title.

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of the Mortgage dated October 1, 2015, from Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage, LLC. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On February 28, 2011, Campbell and Harris executed a Settlement Agreement to finalize their divorce ("Campbell-Harris Divorce") and within this Agreement acknowledged that Campbell would be awarded 643 Sawyer Road and that Campbell would pay child support to Harris who was awarded primary custody of their minor children. *See* Exhibit F (a true and correct copy of the Settlement Agreement is attached hereto and incorporated herein).

15. On March 15, 2011, District Court Clerk, Susan C. Bement, entered an Abstract of Divorce Judgment Regarding Real Estate in connection with the Campbell-Harris Divorce, recorded in the Androscoggin County Registry of Deeds in **Book 8130, Page 264**, which stated that Campbell "…shall be responsible for payment of any mortgage loan secured by said residence and any other expenses with respect to the residence and shall indemnify and hold E. James harmless for the same. Further, Deborah will annually make good faith attempts to refinance the mortgage loan secured by said marital residence, and Deborah shall provide documentation with respect to her attempts to refinance on reasonable requests of E. James." *See* Exhibit G (a true and correct copy of the Abstract of Divorce Judgment Regarding Real Estate is attached hereto and incorporated herein).

16. On June 3, 2013, the Defendant wrote to Ocwen Loan Servicing, LLC ("Ocwen"), the servicer of the Campbell Mortgage Loan at the time, and provided a copy of the current deed on record. *See* Exhibit H (true and correct copies of the June 3, 2013 Letter and Deed are attached hereto and incorporated herein).

17. On June 3, 2013, the Defendant wrote to Ocwen requesting a loan modification, confirming her obligation under the Mortgage and Note, and provided her divorce documents in support of her request to remove Harris from the loan and for acknowledgement of her name change. *See* Exhibit I (true and correct copies of June 3, 2013 Loan Modification Request and Affirmation of Debt Letter and Divorce Documents are attached hereto and incorporated herein).

18.　　On June 11, 2013, a Release Deed for 643 Sawyer Road from Harris to Campbell was executed, and on July 1, 2013, was recorded in the Androscoggin County Registry of Deeds in **Book 8712, Page 23**. *See* Exhibit J (a true and correct copy of the Release Deed is attached hereto and incorporated herein).

19.　　On March 5, 2014, the Defendant, Deborah E. Campbell, executed a Non-HAMP Loan Modification Agreement which re-affirmed and increased the principal amount of the Note to $198,796.93 (herein after referred to as the "Loan Modification"). *See* Exhibit K (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

20.　　On August 4, 2014, the Defendant faxed the Release Deed, Loan Modification, Abstract of Divorce Judgment Regarding Real Estate, and Exhibit A Description of Property 643 Sawyer Road, Greene ME to Ocwen confirming that she had taken sole responsibility for the property and the subject loan. *See* Exhibit L (true and correct copies of the August 4, 2014 Fax and Supporting Documents are attached hereto and incorporated herein).

21.　　On May 1, 2015, the servicing of the loan, owned by the Plaintiff, was transferred from Ocwen Loan Servicing, LLC to Seterus, Inc.

22.　　On January 26, 2016, Seterus, Inc. received a fax transmission from Isaacson & Raymond, P.A., the legal counsel for the Defendant, Deborah E. Campbell, acknowledging Campbell's responsibility for the Mortgage Loan and including a written request for a detailed and complete payment history on the loan and documentation of processing. *See* Exhibit M (true and correct copies of the January 26, 2016 Fax Transmission and Letter are attached hereto and incorporated herein).

23.　　On April 25, 2017, the Defendant, by and through her attorney, Isaacson & Raymond, P.A., faxed an executed Purchase and Sale Agreement with a Short Sale Addendum to Seterus, Inc., reflecting a purchase price of $157,529.00 and indicating the seller has 80 (eighty) days to obtain the

lender's consent to the short sale which would be scheduled within 45 days of receipt of written consent. *See* Exhibit N (a true and correct copy of the Purchase and Sales Agreement is attached hereto and incorporated herein).

24. Campbell did not obtain short sale consent from the lender or request a full payoff statement in preparation for the sale to Charlton closing.

25. Instead, Campbell pursued workout options on her loan designated for retention of property, including trial and permanent loan modifications.

26. On September 20, 2017, Seterus, Inc., on behalf of the Plaintiff, sent a letter to Isaacson & Raymond, P.A., counsel for the Defendant, explaining that, in order to obtain another modification of her Mortgage Loan, Campbell needed to successfully complete the Trial Modification (3 payments) she was offered on August 9, 2017, with payments of $1,113.07. *See* Exhibit O (a true and correct copy of the September 20, 2017 Seterus, Inc. Letter is attached hereto and incorporated herein).

27. Campbell was instructed to return the payment and the agreement by September 30, 2017.

28. Seterus, Inc. also provided information as to the process to qualify for a permanent loan modification which included the Trial Period Plan. *See* Exhibit O.

29. On December 21, 2017, the Defendant sold the property to a new buyer, not the Charltons, <u>without notice to the Plaintiff or its servicer, Seterus, Inc.</u>, and the Defendant's attorney <u>did not request a payoff or forward the proceeds,</u> nor obtain a satisfaction of mortgage from the Plaintiff. *See* Exhibit P (a true and correct copy of the Closing Disclosure is attached hereto and incorporated herein).

30. On December 21, 2017, Deborah E. Campbell deeded the Property at 643 Sawyer Road, Greene, Maine via Quitclaim Deed to Thomas R. Scott, Thomas H. Scott and Patsie Scott ("the

Scotts"). *See* Exhibit Q (a true and correct copy of the Quitclaim Deed is attached hereto and incorporated herein).

31. This sale by Campbell to the Scotts resulted in proceeds of $145,065.40, which was significantly less than the amount owed on the mortgage loan on the date of the closing. *See* Exhibit P.

32. At the time of the sale of the subject Property, Cambell was represented by Attorney Emma Burgess Roy of Isaacson & Raymond, P.A.

33. The Campbell Mortgage Loan is a valid contract between the parties acknowledged, as set forth *supra*, in numerous court documents, a written modification and instances of written correspondences from 2008-2017.

34. Despite the failure of the closing attorney to record the Campbell Mortgage Loan – a fact that Campbell, upon information and belief, became aware of prior to the sale to the Scotts, the Campbell Mortgage Loan is, in all respects, a binding and enforceable contract.

35. On April 13, 2018, nearly four (4) months after the sale, the Defendant's attorney, Isaacson & Raymond, P.A., sent a fax to Seterus, Inc. requesting an offer for a loan modification - indicating Campbell's knowledge of her obligation to pay the Mortgage Loan notwithstanding her unauthorized transfer of the property it encumbered. *See* Exhibit R (a true and correct copy of the request for a loan modification is attached hereto and incorporated herein).

36. On May 10, 2018, Seterus, Inc. responded to the April 13, 2018 request for a loan modification offer and indicated that the Defendant had not completed and returned the Borrower Response Package required to be considered for an additional loan modification. *See* Exhibit S (a true and correct copy of the May 10, 2018 Seterus, Inc. correspondence is attached hereto and incorporated herein).

37. On May 14, 2018, the Defendant's attorney wrote again to Seterus, Inc., expressing interest in seeking a "resolution." *See* Exhibit T (a true and correct copy of the May 14, 2018 letter is attached hereto and incorporated herein).

38. The May 14, 2018 letter informed Seterus, Inc. that the Defendant knew that the mortgage was not recorded, and, because of this fact, she processed the closing without the lender's consent and without obtaining a payoff. *See* Exhibit T.

39. On July 20, 2018, Attorney Longoria, on behalf of the Plaintiff and Seterus, Inc., hired to address the unauthorized sale, sent correspondence to Attorney Roy, of Isaacson & Raymond, P.A., notifying her that the Defendant's sale of the property without payment of the Campbell Mortgage Loan and without short sale approval constituted bad faith. *See* Exhibit U (a true and correct copy of July 20, 2018 correspondence is attached hereto and incorporated herein).

40. A request was made for Attorney Roy to escrow the entire closing proceeds of $143,408.18. *See* Exhibit U.

41. On July 31, 2018, Attorney Roy, on behalf of the Defendant, responded to Attorney Longoria's July 20, 2018 correspondence, claiming bad faith on the part of the Plaintiff's servicer, Seterus, Inc., and prior servicer, Ocwen Loan Servicing, LLC. Attorney Roy insisted on retaining $50,000.00, less attorney's fees as a condition precedent releasing any funds in full satisfaction of the "entire debt alleged." *See* Exhibit V (a true and correct copy of the July 31, 2018 correspondence is attached hereto and incorporated herein).

42. Upon information and belief, on September 18, 2018, Attorney Jason Dionne of Isaacson & Raymond, P.A. agreed and responded to the undersigned's firm that he would hold all funds in escrow pending Court Order.

43. Upon information and belief, the Defendant was aware of her obligation under the Note and Mortgage contract and became aware that the Mortgage was not recorded and, in bad faith,

proceeded to sell the property for less than the full debt without the permission of the Lender, in violation of Paragraph 22 of her Mortgage.

44. The amount due on the Note as of April 30, 2019, if no payments are made, is Two Hundred Sixty-Seven Thousand Fifteen and 06/100 ($267,015.06) Dollars.  *See* Exhibit W (a true and correct copy of the mortgage payoff quote is attached hereto and incorporated herein).

45. The Defendant is obligated to pay these amounts due under the Note pursuant to Paragraph 18 of the Mortgage.

46. Paragraph 22 of the Mortgage provides that the Lender may require immediate payment of all sums secured by the Mortgage if the property is sold without the Lender's prior written permission and the Plaintiff's demands for full payment have been ignored.

## COUNT I – BREACH OF NOTE

47. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48. On October 20, 2008, Campbell and Harris executed and delivered to GMAC Mortgage, LLC a certain Note in the amount of $208,000.00.  *See* Exhibit C.

49. The Defendant, Deborah E. Campbell, is in default for failing to obtain approval from the Plaintiff to sell the subject property and failing to pay off the subject loan with the sale proceeds.

50. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Deborah E. Campbell.

51. The Defendant, Deborah E. Campbell, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

52. The Defendant, Deborah E. Campbell's, breach is knowing, willful, and continuing.

53. The Defendant, Deborah E. Campbell's, breach has caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

54. The total debt owed under the Note and Mortgage as of April 30, 2019, if no payments are made, is Two Hundred Sixty-Seven Thousand Fifteen and 06/100 ($267,015.06) Dollars.

55. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

56. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. By executing, under seal, and delivering the Note, the Defendant, Deborah E. Campbell, entered into a written contract with GMAC Mortgage, LLC who agreed to loan the amount of $208,000.00 to the Defendant. *See* Exhibit C.

58. As part of this contract and transaction, the Defendant, Deborah E. Campbell, executed the Mortgage to secure the Note and the subject property. *See* Exhibit D.

59. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to GMAC Mortgage, LLC, and has performed its obligations under the Note and Mortgage.

60. The Defendant, Deborah E. Campbell, breached the terms of the Note and Mortgage for failing to obtain approval from the Plaintiff to sell the subject property and failing to pay off the subject loan with the sale proceeds.

61. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the

Defendant, Deborah E. Campbell.

62. The Defendant, Deborah E. Campbell, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

63. The Defendant, Deborah E. Campbell, is indebted to Federal National Mortgage Association in the sum of Two Hundred Sixty-Seven Thousand Fifteen and 06/100 ($267,015.06) Dollars, for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendant.

64. Defendant, Deborah E. Campbell's, breach is knowing, willful, and continuing.

65. Defendant, Deborah E. Campbell's, breach has caused the Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

66. The total debt owed under the Note and Mortgage as of April 30, 2019, if no payments are made, is Two Hundred Sixty-Seven Thousand Fifteen and 06/100 ($267,015.06) Dollars.

67. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

68. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 67 as if fully set forth herein.

69. GMAC Mortgage, LLC, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Deborah E. Campbell, $208,000.00. *See* Exhibit C.

70. The Defendant, Deborah E. Campbell, is in default for failing to obtain approval from the Plaintiff to sell the subject property and failing to pay off the subject loan with the sale proceeds.

71. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Deborah E. Campbell, should be required to compensate the Plaintiff, Federal National Mortgage Association.

72. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT IV – UNJUST ENRICHMENT

73. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 72 as if fully set forth herein.

74. GMAC Mortgage, LLC, predecessor-in-interest to Federal National Mortgage Association, loaned the Defendant, Deborah E. Campbell, $208,000.00.  *See* Exhibit C.

75. The Defendant, Deborah E. Campbell, has failed to repay the loan obligation.

76. As a result, the Defendant, Deborah E. Campbell, has been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association, as successor-in-interest to GMAC Mortgage, LLC by having received the aforesaid benefits and money and not repaying said benefits and money.

77. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## COUNT V – ENFORCEMENT OF MORTGAGE DEED

78. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 77 as if fully set forth herein.

79. The Mortgage is enforceable against the Defendant despite the fact that it was not recorded. Therefore, the Defendant is obligated to comply with all terms of the Mortgage.

## COUNT VI –- CLAIM FOR EQUITABLE LIEN/CONSTRUCTIVE TRUST

80. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 79 as if fully set forth herein.

81. As noted above, the Plaintiff and Defendant agreed that the Mortgage would be recorded, and the Defendant benefited from the loan proceeds.

82. The Defendant utilized the loan proceeds to pay off a prior Mortgage and pay other expenses.

83. It would be inequitable for the Defendant to retain the benefit of the loan proceeds without the Plaintiff having a lien on the proceeds of the sale.

84. Plaintiff seeks an equitable lien/constructive trust on all funds held by Campbell's attorney to satisfy the debt.

85. Equity should follow the proceeds of the sale and impose a constructive trust over the proceeds, otherwise, the Defendant would receive an inequitable benefit in the amount of the funds retained.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Find that the Defendant, Deborah E. Campbell, is in breach of the Note by failing to obtain approval from the Plaintiff to sell the subject property and failing to pay off the subject loan with the sale proceeds;

b) Find that the Defendant, Deborah E. Campbell, is in breach of the Mortgage by failing to obtain approval from the Plaintiff to sell the subject property and failing to pay off the subject loan with the sale proceeds;

c) Find that the Defendant, Deborah E. Campbell, entered into a contract for a sum certain in exchange for a security interest in the subject property;

d) Find that the Defendant, Deborah E. Campbell, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to

  obtain approval from the Plaintiff to sell the subject property and failing to pay off the subject loan with the sale proceeds;

e) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

f) Find that by virtue of the money retained by the Defendant, Deborah E. Campbell, has been unjustly enriched at the Plaintiff's expense;

g) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

h) Find that the Defendant, Deborah E. Campbell, is liable to the Plaintiff for money had and received;

i) Find that the Defendant, Deborah E. Campbell, is liable to the Plaintiff for *quantum meruit*;

j) Find that the Defendant, Deborah E. Campbell, has appreciated and retained the benefit of the Mortgage and subject property;

k) Find that it would be inequitable for the Defendant, Deborah E. Campbell, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

l) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendant, Deborah E. Campbell;

m) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

n) Issue a money judgment against the Defendant, Deborah E. Campbell, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of Two Hundred Sixty-Seven Thousand Fifteen and 06/100 ($267,015.06) Dollars,

     the total debt owed under the Note plus interest and costs including attorney's fees and costs;

o) Schedule a Temporary Hearing;

p) Upon Hearing, enforce the Mortgage and Note, *nunc pro tunc*;

q) Find that the Defendant, Deborah E. Campbell, is indebted to the Plaintiff in the amount of Two Hundred Sixty-Seven Thousand Fifteen and 06/100 ($267,015.06) Dollars;

r) Grant the Plaintiff an Equitable Lien or Constructive Trust over the net proceeds held by Isaacson & Raymond, P.A.; and

s) Order the immediate release to the Plaintiff of the funds held in escrow by Isaacson & Raymond, P.A.; and

t) For such other and further relief as this Honorable Court deems just and equitable.

 

Respectfully submitted,
**Federal National Mortgage Association**
By its attorneys,
**Coughlin, Rainboth, Murphy & Lown, PA**

Dated: June 11, 2019      By:      /s/ Bradley M. Lown
Bradley M. Lown, Esquire (Maine Bar #3515)
439 Middle Street
Portsmouth, NH  03801
(603) 431-1993 / fax: (603) 431-8333
e-mail: lown@nhtrialattorneys.com
*(Our File No.: FID100bf)*