UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association,** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**Deborah E. Campbell,** )<br>)<br>**Defendant** )<br>)<br>**Isaacson & Raymond, P.A., as Trustee** )<br>)<br>**Party-in-Interest** ) | Civil Action No. 2:19-cv-00272-DBH |

## DEFENDANT'S ANSWER

NOW COMES Defendant, Deborah E. Campbell, by and through undersigned counsel, and hereby answers the Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of Plaintiff's Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Paragraph 2 of Plaintiff's Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies same.

5.  Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.  Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

7.  Defendant denies the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8.  Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10. Defendant denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12. Defendant denies the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

14. Defendant admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies same.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies same. Defendant further submits that the copy of Exhibit K attached to Plaintiff's Complaint is entirely illegible.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and therefore denies same.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and therefore denies same.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies same.

29. Defendant admits she sold the property to a buyer, not the Charltons, on or about December 21, 2017. Defendant denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Paragraph 34 of Plaintiff's Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies same.

40. Defendant denies the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

## **COUNT I – BREACH OF NOTE**

47. Defendant repeats and realleges her answers in Paragraphs 1 through 46 above as if set forth fully herein.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint and therefore denies same.

49. Defendant denies the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor on Count I of Plaintiff's Complaint; award the Defendant her costs, including an award of reasonable attorney's fees in defense of this matter; and grant such other and further relief as this Court deems necessary.

## COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECIEVED

56. Defendant repeats and realleges her answers in Paragraphs 1 through 55 above as if set forth fully herein.

57. Defendant denies the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Plaintiff's Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Plaintiff's Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor on Count II of Plaintiff's Complaint; award the Defendant her costs, including an award of reasonable attorney's fees in defense of this matter; and grant such other and further relief as this Court deems necessary.

## **COUNT III – QUANTUM MERUIT**

68. Defendant repeats and realleges her answers in Paragraphs 1 through 67 above as if set forth fully herein.

69. Defendant denies the allegations contained in Paragraph 69 of the Plaintiff's Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Plaintiff's Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Plaintiff's Complaint.

72. Paragraph 72 of Plaintiff's Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor on Count III of Plaintiff's Complaint; award the Defendant her costs, including an award of reasonable attorney's fees in defense of this matter; and grant such other and further relief as this Court deems necessary.

## **COUNT IV – UNJUST ENRICHMENT**

73. Defendant repeats and realleges her answers in Paragraphs 1 through 72 above as if set forth fully herein.

74. Defendant denies the allegations contained in Paragraph 74 of the Plaintiff's Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Plaintiff's Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Plaintiff's Complaint.

77. Paragraph 77 of Plaintiff's Complaint states a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor on Count IV of Plaintiff's Complaint; award the Defendant her costs, including an award of reasonable attorney's fees in defense of this matter; and grant such other and further relief as this Court deems necessary.

## COUNT V – ENFORCEMENT OF MORTGAGE DEED

78. Defendant repeats and realleges her answers in Paragraphs 1 through 77 above as if set forth fully herein.

79. Defendant denies the allegations contained in Paragraph 79 of the Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor on Count V of Plaintiff's Complaint; award the Defendant her costs, including an award of reasonable attorney's fees in defense of this matter; and grant such other and further relief as this Court deems necessary.

## COUNT VI – ENFORCEMENT OF MORTGAGE DEED

80. Defendant repeats and realleges her answers in Paragraphs 1 through 79 above as if set forth fully herein.

81. Defendant denies the allegations contained in Paragraph 81 of the Plaintiff's Complaint.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint and therefore denies same.

83. Defendant denies the allegations contained in Paragraph 83 of the Plaintiff's Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Plaintiff's Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor on Count IV of Plaintiff's Complaint; award the Defendant her costs, including an award of reasonable attorney's fees in defense of this matter; and grant such other and further relief as this Court deems necessary.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by lack of standing.

3. Plaintiff's claims are barred in whole or in part by the Doctrine of Laches.

4. Plaintiff's claims are barred in whole or in part by the Doctrine of Unclean Hands.

5. Plaintiff's claims are barred in whole or in part by lack of consideration.

6. Plaintiff's claims are barred in whole or part for lack of assignability.

7. Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

8. Plaintiff's claims are barred in whole or in part by the negligence of a third and/or its agents.

9. Plaintiff's claims are barred in whole or in part by failure to join necessary parties.

10. Plaintiff's claims are barred in whole or in part by failure to provide proper notice of default.

## COUNTERCLAIM

NOW COMES Defendant, Deborah E. Campbell, by and through undersigned counsel, and hereby Counterclaims against Plaintiff, Federal National Mortgage Association, as follows:

## PARTIES

1. Defendant, Deborah E. Campbell, is a Massachusetts resident (hereinafter "Campbell").

2. Upon understanding and belief, Plaintiff Federal National Mortgage Association is a corporation with a principal place of business located in Plano, Texas.

**FACTS**

3. In October of 2008, Campbell and her then husband, Edward Harris, Jr. signed a Note in connection with a loan in the amount of $208,000.00 from GMAC Mortgage, LLC ("the Note").

4. No mortgage was recorded to secure the Note.

5. Following the execution of the Note, the loan was serviced by GMAC Mortgage, LLC.

6. Campbell was divorced from her husband, Edward Harris, Jr., on February 28, 2011.

7. Under the terms of the divorce, Campbell was required to refinance or otherwise remove her former husband from liability under the Note.

8. In April of 2011, Campbell notified GMAC Mortgage, LLC of the divorce terms and sought to refinance or modify her existing loan. She provided all requested documents.

9. With each monthly loan payment, Campbell inquired into the status of her refinance/modification request until July of 2012 when she was informed that the modification was in the process of being completed but previously submitted documents could not be located and needed to be resubmitted.

10. In August of 2012, Campbell resubmitted the requested documents but received no response from GMAC Mortgage, LLC.

11. Around that same time, Campbell received correspondence from Residential Capital, LLC announcing that it, and its subsidiaries, including GMAC Mortgage, LLC were restructuring under Chapter 11.

12. Following the notice of bankruptcy, Ocwen Loan Servicing, LLC (hereinafter "Ocwen") took over the servicing of the Note.

13. In February of 2013, Campbell submitted another application for loan modification, this time through Ocwen.

14. In May of 2013, Campbell agreed to a loan modification that was supposed to result in a significant reduction in the interest rate and the removal of her former husband as a guarantor.

15. On or about June 3, 2013, Ocwen provided Campbell with correspondence intended to confirm the terms of the agreement. However, the terms identified in the correspondence were those from prior to the modification.

16. In response to the June 3, 2013, Campbell notified Ocwen of the errors and requested that the modification be reissued.

17. In August of 2013, Ocwen contacted Campbell to advise that an audit had revealed that a mortgage was never recorded to secure the 2008 loan from GMAC Mortgage, LLC.

18. In September of 2013, Campbell received a request from Ocwen to sign a backdated mortgage for recording in the Androscoggin County Registry of Deeds that would encumber certain real estate allocated to Campbell in her divorce (hereinafter the "Greene Property") and would serve to secure the original Note. The mortgage included terms inconsistent with those of the loan modification.

19. Campbell responded that she would not sign a backdated mortgage document that included terms inconsistent with the agreement reached.

20. In December of 2013, Campbell sought to sell the Greene Property at an agreed upon purchase price of $170,000.00.

21. Upon going under contract, Campbell contacted Ocwen to negotiate a payoff of the Note based upon the funds she would receive from the closing. Ocwen failed to provide a timely response. As a result, the prospective buyer terminated the contract.

22. Following the loss of the sale, Campbell sought to reaffirm the loan modification terms.

23. On or about February 19, 2014, Campbell received written confirmation from Ocwen that her request for loan modification was approved.

24. Under the terms of the agreement, the loan interest rate would be reduced to 3.25% from 6.75%.

25. Ocwen subsequently provided Campbell with a draft Loan Modification Agreement that included inaccurate terms, including an incorrect interest rate of 4.625%.

26. On August 4, 2014, Campbell returned the draft Loan Modification Agreement with notation of the terms that needed to be corrected. She received no substantive response.

27. On September 9, 2014, Campbell again returned a Loan Modification Agreement dated February 19, 2014 noting the necessary corrections.

28. In April of 2015, Campbell received a letter from Ocwen claiming that the Note was being transferred effective May 1, 2015 and advising that a new servicer would be assigned following the transfer.

29. In response to the April, 2015 letter, Campbell provided Ocwen with a signed authorization enabling her attorneys to obtain any and all information or documentation related to any loans serviced by Ocwen.

30. Also in April, 2015, Ocwen began rejecting payments from Campbell and returning her checks.

31. In May of 2015, Ocwen declined to speak to Campbell's attorneys claiming that the signature on the authorization did not match their records.

32. Following the purported transfer of the Note, Campbell was informed that the loan would be serviced by Seterus, as an agent for Federal National Mortgage Association.

33. In April of 2017, Campbell entered into a Purchase and Sale Agreement for sale of the Greene Property at an agreed upon price of $157,529.00.

34. Campbell made contact with Plaintiff to discuss a payoff of the Note.

35. As part of the Purchase and Sale Agreement, the prospective buyers sought to perform inspections of the Greene Property.

36. During the inspection process, it was learned that the Plaintiff, through their agents, had entered the Greene Property without Campbell's consent and cut copper piping and other utility lines.

37. On May 26, 2017, Campbell received a letter from Seterus offering to accept $143,408.00 in full satisfaction of the Note.

38. However, due the cutting of pipes in the real estate and other actions undertaken by the Plaintiff, through their agents, the prospective buyers terminated the contract.

39. Campbell subsequently sold the Greene Property to another buyer in December of 2017 at a lower price and sought to negotiate a payoff of the Note. However, Plaintiff, through their agents, declined to respond.

## COUNT I
### Negligence

40. Campbell repeats and reallages paragraphs 1 through 39 above as if set forth fully herein.

41. Plaintiff owed the Defendant a duty of good faith and fair dealing in the servicing and management of the Note.

42. Plaintiff, directly and through its servicing agent, breached that duty in several ways including, but not limited to, (1) failing to respond to requests for information in a timely fashion; (2) repeatedly losing financial and legal documents provided to Plaintiff's agent; and (3) entering into modification agreements but failing to accurately memorialize the terms.

43. As a result of the Plaintiff's actions, Defendant has suffered financial damages including, but not limited to, holding costs, real estate taxes, real estate insurance, interest, fees imposed by the Plaintiff and their servicing agent, and attorney's fees.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor; award her damages in the amount that the Court deems just and appropriate, including an award of attorney's fees and costs; and grant such other and further relief as this Court deems appropriate.

## COUNT II
**Trespass**

44. Campbell repeats and reallages paragraphs 1 through 43 above as if set forth fully herein.

45. Without Campbell's permission, Plaintiff did knowingly and willfully trespass or cause others to willingly and knowingly trespass onto the Greene Property and cause damage thereto.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor; award her damages and costs as may seem equitable and just, including an award of reasonable attorney's fees; and award any further relief as the Court deems necessary and proper.

## COUNT III
**Unfair or Deceptive Trade Practice**

46. Campbell repeats and realleges paragraphs 1 through 45 above as if set forth fully herein.

47. Plaintiff engaged in unfair or deceptive acts in the conduct of trade or commerce.

48. As a result of the Plaintiff's actions, Defendant has suffered financial damages including, but not limited to, holding costs, real estate taxes, real estate insurance, interest, fees imposed by the Plaintiff, and attorney's fees.

WHEREFORE, Defendant respectfully requests that this Court grant judgment in her favor; award her damages and costs as may seem equitable and just, including an award of reasonable attorney's fees; and award any further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Defendant hereby demands a jury trial on all factual issues triable by jury.


Dated: July 24, 2019                                /s/ Jason Dionne
                                                                        Jason Dionne, Esq. (Bar No. 4317)
                                                                       Attorney for Defendant
                                                                       ISAACSON & RAYMOND, P.A.
                                                                       75 Park Street, P.O. Box 891
                                                                       Lewiston, ME 04243
                                                                       (207) 795-5000
                                                                       jdionne@isaacsonraymond.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on July 24, 2019, I electronically filed Defendant's Answer and Counterclaim with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

> Bradley M. Lown, Esq.
> Coughlin, Rainboth, Murphy & Lown, PA
> 439 Middle Street
> Portsmouth, NH 03801
> 603-431-1993
> lown@nhtrialattorneys.com

Dated: July 24, 2019                          /s/ Jason Dionne
                                                          Jason Dionne, Esq. (Bar No. 4317)
                                                          Attorney for Defendant
                                                          ISAACSON & RAYMOND, P.A.
                                                          75 Park Street, P.O. Box 891
                                                          Lewiston, ME 04243
                                                          (207) 795-5000
                                                          jdionne@isaacsonraymond.com